# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

### RUSSELL SUNDERLIN, Respondent, v. JOHN A. WYMAN, Appellant.

*Chattel mortgage — certified copy of — admissible as evidence of the date of filing, but not of the existence and execution of the mortgage.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought for the conversion of two pairs of horses and two single horses, of which plaintiff claimed to be the owner.

The plaintiff claimed title by virtue of a sale under a chattel mortgage, and the defendant, by a sale under an execution upon a judgment recovered against the owner.

Upon the trial, the plaintiff gave in evidence a copy of the chattel mortgage, certified by the register of the city of New York, in whose office the original was filed.

With reference to this, the court at General Term said: " On the trial, the plaintiff offered in evidence a copy of said mortgage, duly certified by the register of New York, in whose office the original was filed, together with the certificate of the clerk of the city and county of New York, that the officer taking the acknowledgment of said mortgage was a notary public of said city, duly commissioned and sworn.

The defendant's counsel objected to the certificate of the register, that it was not evidence of the time of filing. The objection was overruled, and defendant's counsel excepted.

The register is not presumed to know that the paper he found on file was the original mortgage. He could certify only that a paper, describing it by its number, or the names of parties, etc., was on file, and the time of filing entered thereon.

A copy of a mortgage certified by the officer in whose office it is filed, does not prove the existence and execution of the original mortgage. (*Bissell* v. *Pearce*, 28 N. Y., 252.)

The original must be produced, and when produced, the time of filing, if it was filed, will be proved. If a copy only was filed, a duly certified copy of the copy, with the time of filing noted thereon, will prove the filing of such copy.

"The defendant's counsel did not object that the original was not produced. He must be held, therefore, to have accepted the certified copy in lieu thereof, and the time of filing the copy was, therefore, proved. He cannot, on the argument of the appeal, insist upon any objection not taken at the trial, unless it be one that could not have been obviated had it been raised. The objection that the certificate does not, in terms, set forth that the original mortgage was filed, and that the paper produced is not proof of the execution and filing of the mortgage, might have been obviated had they been raised."

*H. C. Kingsbury*, for the appellant. *Morris & Russel*, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.